IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT DEWAYNE TRUSSELL, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 4:20-CV-1173-O |
| § | (NO. 4:18-CR-224-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## **OPINION AND ORDER**

Came on for consideration the motion of Robert Dewayne Trussell, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:18-CR-224-O, and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

On September 12, 2018, movant was named in an information charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). CR Doc.[1] 11. Movant and his counsel signed a factual resume, setting forth the maximum penalties movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 13. They also signed a waiver of indictment, CR Doc. 16, and a consent to administration of guilty plea and allocution by United States Magistrate Judge. CR Doc. 17.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-224-O.

On September 19, 2018, movant entered his plea of guilty. CR Doc. 15. At the arraignment, movant testified under oath that: He understood he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, pressure, threats, force or coercion of any kind; he had discussed with his attorney the charges against him, the matter of sentencing, and how the guidelines might apply; the Court would not be bound by the stipulated facts and could take into account other facts; he committed the essential elements as set out in the factual resume; he had had sufficient time to discuss the case and the charges against him and the issue of punishment with his attorney and he was satisfied with his attorney's representation; no one had mentally, physically, or in any other way attempted to force him to plead guilty; no one had made any promises or assurances to him in any kind of effort to induce him to enter a plea of guilty; and, the stipulated facts in the factual resume were true and correct. CR Doc.40 at 3–37. The magistrate judge found that the plea was knowing and voluntary. *Id.* at 38. He issued a report and recommendation that the plea be accepted. CR Doc. 18. Movant did not file objections and the Court accepted the plea. CR Doc. 21.

The probation officer prepared a presentence report ("PSR"), which reflected that movant's base offense level was 22. CR Doc. 22, ¶ 21. He received a two-level increase because the offense involved at least three firearms, *id.* ¶ 22, and a two-level increase because a firearm was stolen. *Id.* ¶ 23. Movant received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 29, 30. Based on a total offense level of 23 and a criminal history category of VI, movant's guideline imprisonment range was 92 to 115 months. *Id.* ¶ 123. The PSR also included a discussion

of factors that might warrant departure, *id.* ¶¶ 136–36, and factors that might warrant a sentence outside the advisory guideline system. *Id.* ¶ 137.

The Court sentenced movant to a term of imprisonment of 92 months. CR doc. 32. He appealed. CR Doc. 34. The United States Court of Appeals for the Fifth Circuit remanded the case to correct a possible clerical error. CR Doc. 46. The Court amended the judgment. CR Doc. 50. The Fifth Circuit dismissed the appeal as moot. CR Doc. 51.

## II. GROUNDS OF THE MOTION

Movant sets forth four grounds in support of his motion, all alleging ineffective assistance of counsel. Doc.[2] 1. The grounds are worded as follows:

> **GROUND ONE:** Ineffective assistance of counsel where counsel failed to challenge "overboardness" and "overreach" of search warrant, violation of 4th, 5th, 6th and 14th mendments of U.S.C.A.

*Id.* at 4[3] (misspellings in original).

> **GROUND TWO:** Ineffective assistance of trial counsel failure to suppres evidence from cellphones due to Fourth Amendment capture and seizure violation of 4th, 5th, 6th and 14tnh amendments U.S.C.

*Id.* at 5 (misspellings in original).

> **GROUND THREE:** Ineffective assistance of trial counsel failing to challenge and move to dismiss indictment/information as being "duplicious" and, failure to charge offense, violation of 4th, 5th, 6th and 14th amendment U.S.C.A

*Id.* at 7 (misspellings in original).

> **GROUND FOUR:** Ineffective assistance of appellate counsel failing to perfect appeal and raise ineffective assistance of counsel and insufficiency of charging instructment villation of 4th, 5tyh, 6th and 14th amends.U.S.C.A

*Id.* at 8 (misspellings in original).

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The reference is to the page number at the top right corner of the document, assigned by the Court's electronic filing system.

### III. APPLICABLE LEGAL STANDARDS

#### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

#### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In support of his first two grounds, movant maintains that the search warrant for search of two cell phones he possessed was overbroad and that his counsel was ineffective for failing to seek to suppress the evidence obtained pursuant to the search. Doc. 1 at 4, 5, 16–23. A valid guilty plea waives all nonjurisdictional defects, including claims of ineffectiveness (except as it relates to the voluntariness of the plea). *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). This includes claims regarding failure to investigate or challenge police misconduct and the like. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). Where, as here, failure to litigate a Fourth Amendment claim competently is the principle

5

allegation of ineffectiveness, movant must prove that his Fourth Amendment claim is meritorious. *Kimmelman v. Morrison*, 477 U.S 365, 375 (1986). In addition, movant must show that but for counsel's error, he would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Movant was stopped and arrested for driving without a license. Doc. 1 at 13. He was driving a truck with a stolen "jaws of life" in the truck bed. *Id.* at 14. Police confiscated two cell phones. *Id.* At the time, Arlington police were investigating a burglary of a truck where certain tools were taken. *Id.* at 15. Movant fit the description of the burglar and Grand Prairie police determined that movant and others were associated with the car involved in the burglary. They also came to believe that movant had been seen at a pawn shop where one of the stolen items had been pawned. *Id.* As a result, Grand Prairie police obtained a warrant to search movant's cell phones and truck. *Id.* at 16. Movant contends that the search was overly broad because he had not been charged with unlawful possession of a firearm and the burglaries did not involve firearms. *Id.* at 16–17. In sum, he says that there was no probable cause to search for evidence of firearms. *Id.* at 17.

Contrary to movant's belief, the search warrants at issue were not so overbroad or lacking in probable cause that official reliance thereon would be unreasonable. *See United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006). Rather, they each contain two page, single-spaced, very lengthy discussions of information known to officers regarding movant's participation in a number of burglaries and the pawning of stolen items. Doc. 14 at 4–5, 8–9. The affiant averred that through his training and experience, he believed that the phones might contain evidence of movant's burglary and theft offenses and provide more evidence on other parties to the offenses. In addition,

6

he believed that the phones would show movant's communications with other involved parties pawning or selling stolen property on web sites or apps. *Id.* at 5 & 9.

When a search warrant is challenged, the Court uses a two-step process to determine whether a good-faith exception to the exclusionary rule announced in *United States v. Leon*, 468 U.S. 897 (1984), applies. *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999). If the exception applies, the inquiry is ended. *Id.* If not, the Court considers whether the issuing authority had a substantial basis for concluding that probable cause for the search existed. *Id.*

Evidence that law enforcement obtains through objectively reasonable, good faith reliance on a search warrant is admissible even if it is later determined that the warrant was unsupported by probable cause. *Mays*, 466 F.3d at 343. The good-faith exception applies unless (1) the issuing authority was misled by information in an affidavit that the affiant knew was false or would have known except for reckless disregard for the truth; (2) the issuing authority wholly abandoned the authority's judicial role; (3) the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) the warrant is so facially deficient in failing to particularize the place to be searched or items to be seized that the executing officers cannot reasonably presume it to be valid. *United States v. Webster*, 960 F.2d 1301, 1307 n.4 (5th Cir. 1992).

Here, the good faith exception applies because movant has not shown that any of the four factors exists. Clearly, the warrants are supported by much more than bare bones allegations. They set forth sufficient indicia of probable cause to support the belief, objective and reasonable, in the validity of the warrants. *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992); *United States v. Craig*, 861 F.2d 818, 823 (5th Cir. 1988). *See* Doc. 13 at 15–16 (reciting factual details

7

of the search warrant affidavits). In this case, officers were looking for information regarding motor vehicle burglaries and the disposition of stolen property. Affidavits based on the facts as well as the officer's training and experience were sufficient. *See United States v. Fields*, 72 F.3d 1200, 1214 (5th Cir. 1996); *United States v. Smith*, 609 F. App'x 180, 184–85 (5th Cir. 2015). That the stolen property identified happened to be firearms does not invalidate the search. *Contra United States v. Morton*, 984 F.3d 421 (5th Cir. 2021), *pet. for reh'g filed*.

Finally, movant has not shown, much less made any attempt to show, that but for his counsel's allegedly erroneous advice, he would have insisted on going to trial. *Hill*, 474 U.S. at 59. His conclusory allegation to that effect is not enough. Doc. 1 at 20.

In support of his third ground, movant says that his counsel was ineffective in failing to challenge and move to dismiss the information as duplicitous. *Id.* at 7, 23–25. Movant apparently believes he was charged with elements of two separate offenses. *Id.* at 24. The pertinent part of 18 U.S.C. § 922(g) provides that it shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm." Here, movant was charged with being a felon who "did knowingly possess in and affecting interstate and foreign commerce" a firearm. CR Doc. 11. An indictment may be duplicitous if it joins in a single count two or more distinct offenses. *United States v. Baytank (Houston), Inc.*, 934 F.2d 599, 608 (5th Cir. 1991). An objection to a duplicitous indictment must be made before trial. FED. R. CRIM. P. 12(b)(3)(B)(i). By his guilty plea movant waived this ground. And, in any event, the information was not duplicitous as it only charged movant with possession and not shipping or transporting or receiving a firearm. *See United States v. Tucker*, 345 F.3d 320, 337 (5th Cir. 2003)(test for

8

determining duplicity). Section 922(g) reaches only those firearms that traveled in interstate or foreign commerce. *United States v. Wallace*, 889 F.2d 580, 583 (5th Cir. 1989). Movant stipulated that the firearm at issue had traveled at some time from one state to another. CR Doc. 13 at 2.

In his fourth ground, movant asserts that his appellate counsel was ineffective for having failed to raise the issues set forth in his first, second, and third grounds. Doc. 1 at 8. For the reasons discussed, *supra*, those grounds are without merit. Counsel cannot have been ineffective in failing to raise meritless grounds. *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990).

## V. CONCLUSION

For the reasons discussed herein, movant's motion under § 2255 is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 21st day of April, 2021.

Reed O'Connor
UNITED STATES DISTRICT JUDGE